UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE
No: 3:08-cv-202

| | | |
|---|---|---|
| LETITIA WHITAKER AND JEFFERY WHITAKER as Next Friends of MARCUS WHITAKER, A Minor. | : : : : : | |
| Plaintiffs, | : : | COMPLAINT |
| vs. | : : | |
| The UNITED STATES OF AMERICA | : : : | |
| Defendant. | : : : : | |

The Plaintiffs, complaining of the Defendants, allege and say:

## PARTIES

1. The Plaintiff, MARCUS WHITAKER, a minor, residing with his parents, LETITIA WHITAKER and JEFFERY WHITAKER, is a resident/citizen of Mecklenburg County.

2. Jurisdiction in this case as against the United States of America is founded upon the Federal Tort Claims Act, Title 28 USC § 1346(b). In addition, the amount in controversy exceeds the sum of $100,000.00, exclusive of interest, costs, and attorney's fees as specified by 28 USC § 1332.

3. Each of the relevant acts complained of occurred within the City of Eglin AFB, Okaloosa County, Florida. Venue is proper within the City of Charlotte, Mecklenburg County, North Carolina within the Western District of North Carolina.

4. Plaintiffs filed a claim for damages with the U.S. Department of Air Force, which was received on or about August 10, 2007. The administrative claim has been denied. A copy of Plaintiff's administrative claim is attached to this complaint, marked as Exhibit "A."

5. Service of citation may be had upon the Defendant, UNITED STATES OF AMERICA, by serving its agent, Gretchen C.F. Shappert, United States Attorney for

1

6. the Western District of North Carolina, at her office located at 227 West Trade Street, Suite 1650, Charlotte, North Carolina, 28202, and by sending a true and correct copy of this Complaint by certified mail, return receipt requested, to The Honorable Michael B. Mukasey, Attorney General of the United States of America, The Department of Justice, 10th and Constitution N.W., Room B-112, Washington, D.C. 20530.

7. The Defendant, UNITED STATES OF AMERICA, acting by and through the U.S. Department of Air Force, owns and operates Eglin AFB Pediatric Clinic, located on Eglin AFB, Florida. Said facilities provide services for persons such as MARCUS WHITAKER.

## FACTS

8. This is an action arising out of an agreement on the part of Eglin AFB Pediatric Clinic to provide medical care for Marcus Whitaker beginning on or about February 17, 2005.

9. Plaintiff, Marcus Whitaker was born on February 17, 2005, at full term with no eventful complications. He weighed 9 pounds 5 ounces and was 21 inches long. His head measured 38 cm and was in the 90th percentile.

10. On March 1, 2005, Marcus Whitaker presented to Eglin AFB Pediatric Clinic for his well baby visit. On said date Marcus' head measured 38.7 cm notable for strabismus. Mrs. Letitia Whitaker complained to physicians at that time that Marcus' eyes were crossed and he was unable to hold up his head. The physicians and staff at Eglin AFB dismissed her complaints as normal findings.

11. On April 29, 2005, Marcus presented to Eglin AFB Pediatric Clinic for his 2nd well baby visit. Marcus' head measured 42.7 in the 93rd percentile. Again, Mrs. Letitia Whitaker complained to physicians and staff that Marcus' eyes were consistently crossed and he was unable to hold up his head. Marcus was exhibiting signs and symptoms of hydrocephalus, but physicians dismissed his rapid head growth and fixed crossed eyes as "normal findings."

12. On August 4, 2005, Marcus was seen by Dr. Lanahan at the request of Dr. Gunter at University Pediatrics. Marcus was immediately admitted to Carolinas Health Care System for emergency placement of a ventriculoperitoneal shunt due to increased cranial pressure. As a result of the delayed diagnosis and treatment by the physicians and staff at Eglin AFB Pediatric Clinic Marcus suffered permanent brain injury with significant developmental deficiencies.

2

## CLAIM FOR RELIEF (NEGLIGENCE OF DEFENDANT)

13. Paragraphs 1 through 11 above are realleged and incorporate herein by reference as if fully set forth here.

14. Plaintiffs would show that the Defendant, UNITED STATES OF AMERICA, acting by and through its agents, servants and/or employees, including but not limited to physicians, at the Eglin AFB Pediatric Clinic, was negligent and that such negligence was a direct and proximate cause of the damages suffered by Plaintiffs. Such negligent acts of omission and commission include, but are not limited to the following:

    a. Failure to recognize the signs and symptoms of developing hydrocephalus;
    b. Failure to timely diagnose Plaintiff's hydrocephalus;
    c. Failure to timely and adequately treat Plaintiff's hydrocephalus;
    d. Failure to consult other healthcare providers in a timely matter regarding Marcus Whitaker;
    e. Failure to use best judgment;
    f. Failure to exercise reasonable care and diligence;
    g. Failure to possess and apply the degree of learning, skill, and ability necessary to practice the medical profession which other similarly situated physicians possess;
    h. Failure to act in accordance with the standards of practice used by other physicians with similar training and experience who were situated in the same or similar communities at the time they treated Marcus Whitaker;
    i. Breach of a non-delegable duty to Marcus Whitaker to provide him with a competent physician and staff;
    j. Failure to properly monitor and oversee the conduct of its employees and services provide to Marcus Whitaker;
    k. Failure to provide reasonable care and diligence and best judgment, in providing medical care to Marcus Whitaker;
    l. Failure to possess and apply the degree of knowledge, skill, and care required for similarly situated providers of pediatrics in its treatment of Marcus Whitaker;
    m. Failure to act in accordance with the standards of practice used by other similarly situated medical services providers in its treatment of Marcus Whitaker; and
    n. Failure to follow reasonable standards of medical care in managing and treating a patient such as Marcus Whitaker.

    Each and all of the above and foregoing acts, both of omission and commission, were negligent and constituted negligence, and each and all were a proximate cause of the injuries and damages sustained by the Plaintiffs herein.

15. Plaintiffs would show that the negligent acts of omission and /or commission of the agents, servants, and/or employees of the Defendant, UNITED STATES OF AMERICA, was a direct and proximate cause of the severe and permanent damages suffered by Plaintiff herein.

3

## DAMAGES

16. As a result of the negligence of the Defendant, UNITED STATES OF AMERICA, Plaintiff, Marcus Whitaker, A Minor, suffered personal injuries to his body generally, underwent physical pain and suffering, grief and mental anguish, physical impairment and physical disfigurement in the past, and will, in reasonable medical probability, continue to suffer the same in the future. Plaintiff also suffered permanent neurological impairment and severe developmental deficiencies. Plaintiff has incurred substantial medical, doctor, hospital, therapy and surgical expenses in connection with this suit in the past and will, in reasonable medical probability, continue to incur such expenses in the future.

17. Plaintiff believes and alleges that the damages proximately caused by the Defendant's, UNITED STATES OF AMERICA, negligent acts of omission and/or commission have injured Plaintiff in an amount within the jurisdiction of this Court.

## COMPLIANCE WITH NORTH CAROLINA RULES OF CIVIL PROCEDURE RULE 9 (j)

18. Plaintiff contends that Rule 9 (j) of the North Carolina Rules of Civil Procedure does not apply to this action under the Federal Tort Claims Act. Nonetheless, Plaintiff hereby complies with said Rule out of an abundance of caution: The medical care provided to the Plaintiff by the Defendant has been reviewed by persons reasonably expected to qualify as expert witnesses under Rule 702 of the Rules of Evidence and who are willing to testify that the medical care rendered to the Plaintiff in this case did not comply with the accepted standards of care for their respective healthcare professions in the same or similar communities at the times of the negligent acts and/or omissions complained of herein.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be duly cited to appear and answer herein, and that upon final hearing of this suit, Plaintiff have and recover a judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with interest and costs of Court as allowed by law, and for such other further relief, both general and special, at law and in equity, to which the Plaintiff may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ Gary W. Jackson

Gary Jackson, NC State Bar No. 13976
Sam McGee, NC State Bar No. 25343
**JACKSON & MCGEE, LLP**
521 East Blvd.
Charlotte, North Carolina 28203
Telephone: (704) 377-6680
Facsimile: (704) 377-6690
Email: smcgee@ncadvocates.com
*Attorney for the Plaintiffs*

and

Jeffrey C. Anderson, TX State Bar No. 01190500
*Pro Hac Vice Admission Anticipated*
**LAW OFFICES OF JEFFREY C. ANDERSON**
9601 McAllister Freeway, Suite 1250
San Antonio, Texas 78216
Telephone: (210) 340-8880
Facsimile: (210) 340-8885
Email: jca@texaslawfirm.com
*Attorneys for the Plaintiffs*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Summons and Complaint was served upon the Defendant's agent by properly depositing copies of said document, enclosed in a first class, postage paid wrapper in a post office or an official depository under the exclusive care and custody of the United States Post Office and addressed as follows:

> Gretchen C. F. Shappert
> United States Attorney for the Western District
> of North Carolina
> 227 West Trade Street
> Suite 1650
> Charlotte, North Carolina 28202
>
> The Department of Justice
> The Honorable Michael B. Mukasey
> Attorney General of the United States of America
> 10th and Constitution N.W.
> Room B-112
> Washington, D.C. 20530

This is the 2nd day of May, 2008.

> By: /s/ Gary W. Jackson
>
> Sam McGee, NC State Bar No. 25343
> **JACKSON & MCGEE, LLP**
> 1321 East Morehead Street,
> Charlotte, North Carolina 28204
> Telephone: (704) 377-6680
> Facsimile: (704) 377-6690
> Email: smcgee@ncadvocates.com
> *Attorney for the Plaintiffs*
>
> and
>
> Jeffrey C. Anderson, TX State Bar No. 01190500
> LAW OFFICES OF JEFFREY C. ANDERSON
> 9601 McAllister Freeway, Suite 1250
> San Antonio, Texas 78216
> Telephone: (210) 340-8880
> Facsimile: (210) 340-8885
> Email: jca@texaslawfirm.com
> *Attorneys for the Plaintiffs*

6

7