

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

LETITIA WHITAKER and
JEFFERY WHITAKER, as Next Friends
of MARCUS WHITAKER, a minor

                Plaintiff,

      v.                            Civil Action No. 3:08-cv-00202-RJC-DSC

United States of America,

                Defendant.

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the Defendant United States of America (hereinafter "United States") and "Plaintiffs" (meaning each person being required by the United States to sign this Stipulation For Compromise Settlement And Release (hereinafter "Stipulation") to waive and release any potential claim each such person, whether or not said person is a party to this action, has or may have in the future), by and through their respective attorneys, as follows:

1. The parties to this Stipulation do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

2. This Stipulation is not, is in no way intended to be, and should not be construed as an admission of liability or fault on the part of the United States, its agents, servants, or employees,

Whitaker v. United States
Stipulation For Compromise Settlement And Release
(08.24.2009)

                        **Page 1 of 24**

and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed personal injury claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. In consideration for the Plaintiffs' agreement to accept the terms and conditions of this settlement, the United States agrees to pay the cash sums set forth below in Paragraph 3.a., to purchase the annuity contracts described below in Paragraph 3.b., and to establish the Irrevocable Reversionary Inter Vivos Grantor Medical Care Trust for the Benefit of Marcus Whitaker (hereinafter "Reversionary Trust") described below in Paragraph 3.c.

a. Within three business days after counsel of record for the United States receives (1) this Stipulation signed by all parties to said document; (2) the Reversionary Trust signed by all parties to said document; (3) the Social Security numbers or tax identification numbers of Plaintiffs and their attorneys; (4) a fully executed waiver and release from each State, including the States of Florida and North Carolina, each private and public entity, and each private individual of any and all past, present, and future claims or liens for reimbursement or payment any such State, private or public entity, or private individual may have arising from any benefits or payments made to or on behalf of Marcus Whitaker by any such State, private or public entity, or private individual arising out of the subject matter of this action; (5) a fully executed waiver and release from each State, including the States of Florida and North Carolina, private or public entity, or private individual, who has or may have now or in the future a claim or cause of action against the United States (and its agents, servants, and employees) arising out of the subject matter of the above-captioned action, including any claim for contribution, indemnification, or subrogation; and (6) an authorization by the Attorney General or his designee to conclude

negotiations and to consummate the settlement, counsel for the United States will send a formal request to the United States Department of the Treasury requesting that the sum of One Million Five Hundred Thousand Dollars ($1,500,000.00) (hereinafter "Settlement Amount") be expeditiously sent by electronic funds transfer ("EFT") to the Huver & Associates, Inc., settlement trust account. Huver & Associates, Inc., agrees to distribute the Settlement Amount, as provided below in subparagraphs 3.a.i. and 3.a.ii., within five business days after Huver & Associates, Inc., receives a notice from its bank that the Settlement Amount has been received into said company's settlement trust account and has received from Plaintiffs' counsel a legible copy of Marcus Whitaker's birth certificate and social security card.

i. On behalf of Marcus Whitaker, Huver & Associates, Inc., shall issue a check in the amount of Five Hundred Thousand Dollars ($500,000.00) (hereinafter "Upfront Cash"), to be made payable to Marcus Whitaker. This check shall be mailed to the United States Attorney for the Western District of North Carolina to hold until Plaintiffs' counsel has filed a motion with the United States District Court for the Western District of North Carolina dismissing this action in its entirety with prejudice, with each party to bear its own costs, expenses, and fees. With respect to the Upfront Cash check, the Plaintiffs stipulate and agree that Marcus Whitaker, by his court-appointed attorney Guardian Ad Litem, will endorse said Upfront Cash check over to his attorney to be deposited in the attorney's client trust account to facilitate the disbursement of any amounts authorized by the approving court. In addition, the Plaintiffs further stipulate and agree that the United States will not sign any annuity application form or uniform qualified assignment form or any equivalent form and that the United States and Huver & Associates, Inc., will not pay the Upfront Cash payment into a qualified settlement fund or its equivalent or into any other

type of account. Plaintiffs further stipulate and agree that they, their attorneys, the Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Upfront Cash payment in any way, form, or manner, including by placing any of the Upfront Cash into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 3.a.i. precludes the Plaintiffs from purchasing standard, non-structured settlement annuities or non-qualifying annuities after the Upfront Cash check has been endorsed and cashed, but they agree that they will not represent to any person, entity, or agency that they are purchasing structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

ii. For the funding of the Reversionary Trust described below in Paragraph 3.c., Huver & Associates, Inc., shall distribute the sum of One Million Dollars ($1,000,000.00) (hereinafter "Trust Funding Amount") as provided in subparagraphs 3.a.ii.(a) and 3.a.ii.(b) below:

(a) To an annuity company, rated at least A+ by A.M. Best rating service, the sum of Eight Hundred Thousand Dollars ($800,000.00) to purchase the annuity contract described in Paragraph 3.b., below; and

(b) To the Reversionary Trust, the sum of Two Hundred Thousand Dollars ($200,000.00).

The parties stipulate and agree that any attorney's fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount. 28 U.S.C. § 2678. The parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees

(including legal fees by any Guardian Ad Litem) associated with obtaining any court approval of this settlement, shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto. The parties agree that any fees for legal services incurred in this action, and in any court proceedings reviewing the settlement for approval purposes, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the Upfront Cash amount paid pursuant to Paragraph 3.a.i., above, and not in addition thereto.

The Plaintiffs stipulate and agree that they are legally responsible for any and all past, present, and future liens or claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by private insurance companies, Medicaid, or Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs stipulate and agree that they will satisfy or resolve any and all past, present, and future liens or claims for payment or reimbursement asserted by any individual or entity, including private insurance companies, Medicaid, and Medicare. The Plaintiffs and their attorneys represent that, as of the date they sign this Stipulation, they have made a diligent search and effort to determine the identity of any individual or entity that has or may have a lien or claim for payment or reimbursement arising from the injuries that are the subject matter of this action. The Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by the Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 5 of 24

Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

b. The United States will purchase an installment refund annuity contract to make the following periodic payments, based upon the terms and conditions set forth in this subparagraph 3.b:

i. To the Reversionary Trust described below in Paragraph 3.c., the sum of $1,702.00 per month, compounding at three (3) percent each year, for the life of Marcus Whitaker (DOB: February 17, 2005), beginning one month after the date the annuity contract is purchased. The lifetime annuity payments set forth above have been determined based upon information supplied to the United States as to the birth date of Marcus Whitaker. Should the actual birth date of Marcus Whitaker differ from that noted above, then the amount of the lifetime annuity payments shall be adjusted so the benefits of the contract are what the premiums paid for the lifetime annuity payments would have purchased on the date of the annuity's purchase. In the event the cost of the annuity contract has either increased or decreased by the date of purchase, the monthly annuity payments set forth above shall be adjusted downward or upward to ensure that the premium cost of the annuity contract is equal to $800,000.00 and not more or less than that amount. In the event of the death of Marcus Whitaker during any period of installment refund specified in this subparagraph 3.b., all remaining installment refund payments shall be made payable to the United States Department of the Treasury, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 6 of 24

iii. The annuity contract being purchased pursuant to this Paragraph 3.b. will be owned solely and exclusively by the United States and will be purchased through Huver & Associates, Inc., as specified above in Paragraph 3.a. The parties stipulate and agree that the United States' only obligation with respect to said annuity contract and any annuity payments therefrom is to purchase the annuity contract, and they further agree that the United States does not guarantee or insure any of the annuity payments. The parties further stipulate and agree that the United States is released from any and all obligations with respect to the annuity contract and annuity payments upon the purchase of the annuity contracts.

iv. The parties further stipulate and agree that the annuity company that issues the annuity contract shall at all times have the sole obligation for making all annuity payments. The obligation of the annuity company to make each annuity payment shall be discharged upon the mailing of a valid check, a direct deposit, or an electronic deposit, in the amount of such payment to the address or account designated by the party to whom the payment is required to be made under this Stipulation. Payments lost or delayed through no fault of the annuity company shall be promptly replaced by the annuity company issuing the payment.

v. The parties stipulate and agree that the annuity payments cannot be assigned, accelerated, deferred, increased, or decreased by the parties, that no part of any annuity payments called for herein or any assets of the United States are subject to execution or any legal process for any obligation in any manner, and that the Plaintiffs shall not have the power or right to sell, assign, mortgage, encumber, or anticipate said annuity payments, or any part thereof, by assignment or otherwise.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 7 of 24

vi. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby agree to maintain with the annuity company and the United States a current mailing address for Marcus Whitaker, and to notify the annuity company and the United States of the death of Marcus Whitaker, within five (5) days of death. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby further agree that, upon the death of Marcus Whitaker, they will provide to the annuity company and the United States a certified copy of the death certificate within five (5) days of the date of death.

c. The United States will establish, as the grantor, the Reversionary Trust on the following terms and conditions:

i. The parties agree to the terms, conditions, and requirements of the Reversionary Trust, a copy of which is attached hereto and incorporated by reference.

ii. The parties agree that the Plaintiffs and their successors, assigns, or guardians shall provide to the administrator and trustee of said trust any information, documentation, authorizations, or signatures required by the terms of the trust or by the administrator or trustee in administering the terms of the trust. The parties agree that the failure of the Plaintiffs and their successors, assigns, or guardians to provide such information, documentation, authorizations, or signatures may result in the denial, in whole or part, of payments from the trust estate, depending on the terms of the trust.

iii. The parties agree that Plaintiffs and their heirs, executors, administrators, or assigns shall maintain with the trustee, the administrator, and the United States a current mailing address, and shall notify the trustee, the administrator, and the United States of any event upon which the right of payments from the trust estate may depend, including the death of Marcus

Whitaker, within five (5) days of the date of such event. Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby further agree that, upon the death of Marcus Whitaker, they will provide to the trustee, the administrator, and the United States a certified copy of the death certificate within five (5) days of the date of death.

iv. The parties agree that upon the death of Marcus Whitaker, the trustee shall, to the extent authorized by the terms of said trust, pay allowable charges, expenses, and benefits, and liquidate and distribute the remaining trust estate to the United States by check made payable to the United States Department of the Treasury, and sent to the Torts Branch, Civil Division, United States Department of Justice, P.O. Box 888, Benjamin Franklin Station, Washington, D.C. 20044, or, upon written notice, any subsequent change of address.

4. In consideration of this settlement with the United States, the Plaintiffs and their guardians, heirs, executors, administrators, or assigns do hereby accept the sums set forth above in Paragraph 3.a., the purchase of the annuity contracts set forth above in Paragraph 3.b., and the establishment of the Reversionary Trust set forth above in Paragraph 3.c. in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including any future claims for wrongful death and any claims for fees, interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, death, or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States, its agents, servants, and employees on account of the same subject matter that gave rise to the above-captioned action. Plaintiffs and their guardians, heirs, executors, administrators, and assigns do hereby further

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 9 of 24

agree to reimburse, indemnify, and hold harmless the United States and its agents, servants, and employees from and against any and all such claims, causes of action, liens, rights, or subrogated or contribution interests (whether such claims, causes of action, liens, right, subrogated interests, or contribution interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The Attorney General or the Attorney General's designee must approve the terms of the settlement and authorize the attorney representing the United States to negotiate and consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

b. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation and the Reversionary Trust. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation or the Reversionary Trust. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of the Stipulation and the Reversionary Trust before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 10 of 24

c. Marcus Whitaker must be alive at the time the annuity contracts being purchased pursuant to Paragraph 3.b., above, are purchased and at the time the Reversionary Trust being established pursuant to Paragraph 3.c., above, is "deemed established," as that phrase is defined in Article V of the Reversionary Trust. In the event of the death of Marcus Whitaker prior to the date the annuity contracts are purchased or the date the Reversionary Trust is deemed established, the entire Stipulation and the compromise settlement are null and void.

d. Plaintiffs must provide the United States with a complete set of the extant medical records of Marcus Whitaker (including any independent medical examinations conducted for purposes of this litigation, any and all clinic visits, whether for routine checkups or for treatment and care for any medical condition, injury, disease, etc., any and all hospital and emergency room records, and any records of any diagnostic testing) for the 36-month period prior to the date the Plaintiffs sign this Stipulation. In the event said complete set of such medical records does not contain reports of a complete medical examination, including routine cancer, cardiovascular, and pulmonary screens, Plaintiffs must have a complete, comprehensive examination (including routine cancer, pulmonary, and cardiovascular screens, and any examinations necessary to screen for cancer, cardiovascular disease, pulmonary disease, renal disease, or other life-threatening diseases or illnesses) conducted at their expense and a copy of all such examinations and reports resulting therefrom must be provided to the United States. In the event said records and reports reveal that Marcus Whitaker had or has any such potentially life-threatening or life-shortening diseases or illnesses not caused by the medical care at issue in this action, the United States reserves the right to elect not to consummate the settlement and upon such election by the United States the entire settlement is null and void. The Plaintiffs

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 11 of 24

must provide all extant medical records for said 36-month period before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

e. Plaintiffs must obtain at their expense an Order by a court of competent jurisdiction approving the terms of the settlement on behalf of Marcus Whitaker, any minor sibling of Marcus Whitaker, and any other incompetent adult being required to sign this Stipulation. The terms of any such Order, to be provided by the United States, must be approved by the Department of Justice's Torts Branch (FTCA Staff) prior to being submitted to any reviewing Court and said Order signed by such Court cannot be changed by the Court or parties without the prior written consent of the Torts Branch (FTCA Staff). In the event any such incompetent adult or minor is not a party to this action, Plaintiffs must obtain said court approval on behalf of any such incompetent adult or minor from a state court of competent jurisdiction. Plaintiffs agree to obtain any such court Order, including state court Order, in a timely manner: time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event any such court Order is not obtained with respect to each such person being required to sign this Stipulation in a timely manner. In the event Plaintiffs fail to obtain any such court Order or any such Order they obtain fails to comply with the terms and conditions of this Paragraph 5.e, the entire Stipulation and the compromise settlement are null and void. The Plaintiffs must obtain any such court Order or Orders before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

Letitia Whitaker represents that, as of the date she signs this Stipulation, the only children she has, whether by blood, adoption or otherwise are Marcus Whitaker, Marlen Whitaker, and

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 12 of 24

Mason Whitaker. Jeffery Whitaker represents that, as of the date he signs this Stipulation, the only children he has, whether by blood, adoption or otherwise are Marcus Whitaker, Marlen Whitaker and Mason Whitaker.

f. Plaintiffs must obtain a release and waiver of any claim or cause of action (whether sounding in tort, contract, statute, or otherwise) that any alleged tortfeasor, if any, has or may have in the future against the United States, its agents, servants, and employees arising out of the subject matter of the above-captioned action. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any alleged tortfeasor. Prior to the United States Attorney's Office seeking approval from the Attorney General or his designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.f., or (ii) a written representation by Plaintiffs' counsel stating that, after a diligent search of counsel's law firms' records and files, including expert and consultant reports, and of the Plaintiffs' records and files, the Plaintiffs and their counsel are unaware of any such potential tortfeasor.

g. In the event there are any currently known liens or claims for payment or reimbursement, including any liens or claims by Medicaid (including the States of Florida and North Carolina) or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 13 of 24

claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the plaintiff. This condition is for the benefit of the United States exclusively. The United States will provide the form of Release and Waiver, or any changes to the form required by the United States, to be used by the Plaintiffs in obtaining a Release and Waiver from any State, private entity, or private individual who claims to have such lien or claim. Prior to the United States Attorney's Office seeking approval from the Attorney General or his designee, the Plaintiffs must provide the United States with either (i) all such releases and waivers required by this Paragraph 5.g., or (ii) a written representation by Plaintiffs' counsel stating, after a diligent search of counsel's law firms' records and files and of the Plaintiffs' personal records and files, that no such liens or claims are currently known to exist.

6. The parties agree that, upon notice from the United States Attorney's Office for the Western District of North Carolina that it has received the check for the amount of the Upfront Cash, the Plaintiffs' attorneys shall file with the United States District Court for the Western District of North Carolina a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees. Upon the filing of such dismissal, the United States Attorney for the Western District of North Carolina shall transmit to Plaintiffs' counsel said check in the amount of the Upfront Cash. Subject to the terms and conditions set forth in Paragraph 3.a., above, Plaintiffs' attorneys agree to distribute the Upfront Cash paid pursuant to Paragraph 3.a.i., above, to the Plaintiffs after paying or resolving any lien or claim for reimbursement or payment for which Plaintiffs have agreed to be legally responsible under the terms of this Stipulation.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 14 of 24

7. The parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

/////

/////

/////

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 15 of 24

Executed this _____ day of _____ , 2009.

_____
SIDNEY P. ALEXANDER
Assistant United States Attorney
Attorneys for Defendant,
United States of America

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 16 of 24

Executed this _____ day of _____, 2009

_____
Sam McGee
Jackson & McGree, LLP
Attorneys for Marcus Whitaker, a Minor,
Letitia Whitaker, Jeffery Whitaker, Marlen
Whitaker, a Minor, and Mason Whitaker,
a Minor.

Executed this _____ day of _____, 2009.

_____
Gary W. Jackson
Jackson & McGree, LLP
Attorneys for Marcus Whitaker, a Minor,
Letitia Whitaker, Jeffery Whitaker, Marlen
Whitaker, a Minor, and Mason Whitaker,
a Minor.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 17 of 24

Executed this _____ day of _____, 2009.

_____
Jeffrey C. Anderson
The Law Offices of Jeffrey C. Anderson,
Attorneys for Marcus Whitaker, a Minor,
Letitia Whitaker, Jeffery Whitaker, Marlen
Whitaker, a Minor, and Mason Whitaker,
a Minor.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 18 of 24

Executed this _____ day of _____, 2009
Marcus Whitaker


By: _____
      [insert name of Court-Appointed Guardian Ad Litem],
      Guardian Ad Litem for Marcus Whitaker, a minor Plaintiff




Executed this _____ day of _____, 2009
Marcus Whitaker


By: _____
      Letitia Whitaker, as next friend and parent of
      Marcus Whitaker, a minor Plaintiff




Executed this _____ day of _____, 2009
Marcus Whitaker


By: _____
      Jeffery Whitaker, as next friend and
      parent of Marcus Whitaker, a minor Plaintiff

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 19 of 24

Executed this _____ day of _____, 2009
Marlen Whitaker

By: _____

[insert name of Court-Appointed Guardian Ad Litem],
Guardian Ad Litem for Marlen Whitaker, a minor Plaintiff

Executed this _____ day of _____, 2009
Marlen Whitaker

By: _____

Letitia Whitaker, as next friend and parent of
Marlen Whitaker, a minor Plaintiff

Executed this _____ day of _____, 2009
Marlen Whitaker

By: _____

Jeffery Whitaker, as next friend and
parent of Marlen Whitaker, a minor Plaintiff

Executed this _____ day of _____, 2009
Mason Whitaker

By: _____
[insert name of Court-Appointed Guardian Ad Litem],
Guardian Ad Litem for Mason Whitaker, a minor Plaintiff


Executed this _____ day of _____, 2009
Mason Whitaker

By: _____
Letitia Whitaker, as next friend and parent of
Mason Whitaker, a minor Plaintiff


Executed this _____ day of _____, 2009
Mason Whitaker

By: _____
Jeffery Whitaker, as next friend and
parent of Mason Whitaker, a minor Plaintiff

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 21 of 24

Executed this _____ day of _____, 2009

_____
Letitia Whitaker, Plaintiff

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 22 of 24

Executed this _____ day of _____, 2009

_____
Jeffery Whitaker, Plaintiff

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 23 of 24

Executed this _____ day of _____, 2009

_____
Annemarie H. McAnally
for Huver & Associates, Inc.

Case 3:08-cv-00202-RJC-DSC   Document 30-1   Filed 10/19/09   Page 24 of 24